NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

PATRICK DULIN, *Plaintiff/Appellant*,

*v.*

PAUL PENZONE, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0162
FILED 10-24-2019

---

Appeal from the Superior Court in Maricopa County
No.  CV2017-015769
The Honorable James D. Smith, Judge

**AFFIRMED**

---

COUNSEL

Patrick Dulin, Marana
*Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Sherle R. Flaggman, Maxine S. Mak, Joseph Branco
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge David D. Weinzweig and Chief Judge Peter B. Swann joined.

---

**H O W E**, Judge:

¶1        Patrick Dulin appeals from the trial court's grant of summary judgment in favor of Maricopa County Sheriff Paul Penzone and Dr. Jeffery Alvarez, the former Medical Director of Maricopa County's Correctional Health Services. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Dulin filed this action alleging that he repeatedly complained of urinary and pelvic issues while incarcerated in the Maricopa County jail but did not receive appropriate medical care. Penzone and Dr. Alvarez moved for summary judgment. Penzone argued that, as Sheriff, he was not responsible for providing medical care to inmates. Dr. Alvarez contended that Dulin had no medical expert to testify that he fell below the standard of care, as Arizona law requires in a medical malpractice action. Dr. Alvarez also asserted that he complied with the standard of care and did not cause harm to Dulin.

¶3        The trial court granted Penzone and Dr. Alvarez's motion for summary judgment. The court noted that although Penzone could be liable for his officers' failure to recognize and respond to prisoners' medical needs, summary judgment was appropriate because Dulin had not offered any admissible evidence that jail staff disregarded his condition. The court also ruled that summary judgment for Dr. Alvarez was appropriate because Dulin conceded that he lacked the required expert testimony to support his medical negligence claim. Dulin timely appealed.

## DISCUSSION

¶4        A court may grant summary judgment when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We view the evidence in the light most favorable to Dulin and determine de novo whether genuine issues of material fact exist and whether the trial court erred in its application of the law. *See Unique Equip. Co., Inc. v. TRW Vehicle Safety Sys., Inc.*, 197 Ariz. 50, 52 ¶ 5 (App. 1999).

### 1. The Trial Court Properly Granted Summary Judgment for Penzone

¶5        Dulin argues the trial court erred by granting summary judgment for Penzone because jail staff were deliberately indifferent to his condition and gave him "bare minimal" treatment. A sheriff may be

responsible for training officers to recognize and respond to prisoners' medical needs. *Braillard v. Maricopa Cty.*, 224 Ariz. 481, 491–92 ¶¶ 27, 29 (App. 2010) (stating that the sheriff could be liable for correctional officers' failure to seek medical assistance for an inmate suffering severe symptoms because evidence showed that the officers were not properly trained to respond to inmate illness).

¶6 Dulin, however, did not present any evidence that jail staff lacked proper training to assess his need for medical attention, disregarded his medical complaints, or unreasonably restricted his access to medical care. Indeed, the record shows that Dulin regularly received treatment from medical personnel for his complaints. We therefore reject Dulin's argument that Penzone was "deliberately indifferent" to his medical needs in violation of the Fourteenth Amendment. Dulin's assertion that his medical treatment was inadequate is one for medical malpractice and cannot be brought against Penzone, who is not a health-care provider. *See* A.R.S. § 12–561(1)(a) and (2). Accordingly, the trial court properly granted summary judgment for Penzone.

## 2. The Trial Court Properly Granted Summary Judgment for Dr. Alvarez

¶7 Dulin argues the trial court erred by granting summary judgment for Dr. Alvarez because his medical records substantiate his claim that he received inadequate medical care. Because Dr. Alvarez is a medical doctor who Dulin contends did not provide appropriate medical treatment, Dulin's claim against Dr. Alvarez is a medical malpractice claim. A.R.S. § 12–561(2). Generally, a plaintiff in a medical malpractice action must offer expert testimony to establish the standard of care and causation, A.R.S. § 12–2603(B)(3)–(4); *Seisinger v. Siebel*, 220 Ariz. 85, 94 ¶ 33 (2009), and is only relieved of this obligation "when negligence is so clearly apparent that a layman would recognize it." *Sanchez v. Old Pueblo Anesthesia, P.C.*, 218 Ariz. 317, 321 ¶ 13 (App. 2008), *disapproved on other grounds by Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160 (2017).

¶8 Dulin offered no evidence that Dr. Alvarez failed to meet the applicable standard of care or that any such failure proximately caused him harm. Although Dulin acknowledged that he did not have expert testimony to support his claim, he nevertheless contends that the court should have allowed him to proceed to a jury because his medical records show that he received inadequate medical treatment. In particular, Dulin asserts that Dr. Alvarez did not conduct sufficient medical testing to diagnose and treat his pelvic issues.

¶9 A layperson could not determine from reviewing Dulin's medical records whether he received appropriate medical care because a person without medical training would not know whether Dr. Alvarez "failed to exercise the degree of care, skill and learning expected of a reasonable, prudent health care provider" in Dr. Alvarez's profession and under similar circumstances. *See* A.R.S. § 12–563. Dulin was therefore required to offer expert testimony regarding what conduct, tests, or treatment the standard of care required and how Dr. Alvarez breached that standard of care and caused Dulin harm. *See Seisinger*, 220 Ariz. at 94 ¶ 33. Because Dulin did not offer this evidence, the trial court properly granted summary judgment for Dr. Alvarez.[1]

**CONCLUSION**

¶10 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1] We also reject Dulin's argument that Dr. Alvarez repeatedly violated the guidelines of Correctional Health Services, the agency that administered inmate medical care in the Maricopa County Jail. The record does not contain any evidence of the guidelines Dulin claims were not followed.